UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUBBIE DELAR TILLMAN,

        Plaintiff,                        Case Number: 05-CV-74355

v.                                      HONORABLE GERALD E. ROSEN

CITY OF DETROIT, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Bubbie Delar Tillman, a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff alleges that his convictions for second-degree murder and felony firearm are the result of malicious prosecution. He alleges that the criminal complaint, warrant,

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted; . . .

and information leading to his convictions were false.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87.

In this case, a finding in favor of Plaintiff would, necessarily, imply the invalidity of Plaintiff's convictions.  Prior criminal proceedings must be terminated in favor of a plaintiff before a § 1983 malicious prosecution is actionable. Id. at 484.  "This requirement avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the . . . creation of two conflicting resolutions arising out of the same or identical transaction." Id. (internal quotation omitted).  Plaintiff has not shown favorable termination of the criminal proceedings against him and, therefore, may not maintain a § 1983 action

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.


        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: December 15, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2005, by electronic and/or ordinary mail.

                                    s/LaShawn R. Saulsberry
                                    Case Manager